UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHANNON KOHLER

VERSUS

PAT ENGLADE, ET AL

CIVIL ACTION

NO. 03-857-JJB

**RULING ON MOTION TO QUASH TRIAL SUBPOENA AND FOR PROTECTIVE ORDER**

Defendant, the City of Baton Rouge, brings this motion to quash the trial subpoena issued to it through Mayor-President Melvin "Kip" Holden. The defendant also seeks a protective order preventing further discovery and/or production from the City of Baton Rouge. (Doc. 63). Plaintiff, Shannon Kohler, has filed an opposition to the motion. (Doc. 64). Defendant has filed a reply. (doc. 66).[1] Trial in this matter is scheduled for Tuesday, June 9, 2009.

## ANALYSIS

Plaintiff seeks a number of documents through trial subpoena from the City of Baton Rouge. Mr. Kohler seeks detective reports and related information concerning persons at the scenes of the murders of Ms. Green, Ms. Pace, and Ms. Kinnamore. Plaintiff also seeks documents from St. Martin Parish officers and Zachary Police and all Task Force memoranda relating to the St. Martin and Zachary documents. Mr. Kohler requests notes and memoranda relating to information about a white truck tied to the Kinnamore abduction, including documentation of hypnotized interrogations. He seeks memoranda and logs concerning Task Force contacts with Mr. Kohler as well as other tips received from the two individuals who identified Mr. Kohler as a person who needed to be checked. Additionally, he seeks documentation regarding the amount Mr. Kohler's DNA tests cost, reports

---

[1] Although defendant failed to file a motion for leave to file his reply brief, this Court grants the necessary leave and considers defendant's reply.

1

identifying Derrick Todd Lee, and notes indicating a decision "a decision to exclude black suspects from the search."[2]

Defendant asserts that the eight Kohler "lead sheets" have already been provided to plaintiff's counsel, the investigative files for the Green and Pace murders are exempt from disclosure pursuant to the Louisiana Public Records Act,[3] and other requested documents are not in the possession of the City of Baton Rouge. Defendant argues that the requested documents are irrelevant to Kohler's claims for damages against Detective Johnson.

In opposition, plaintiff argues that "after the conviction of Derrick Todd Lee was affirmed by the Supreme Court and rehearing denied, the case is no longer pending" and therefore the documents are not exempt under the Louisiana Public Records Act.[4] Further, plaintiff argues that the subpoenaed documents are relevant to plaintiff's claim of punitive damages, a claim for which he will have to show defendant's "reckless disregard of Mr. Kohler's rights…."[5]

Under Federal Rule of Evidence 401, "[r]elevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[6]

Here, this Court has already determined that defendant, Detective Johnson, violated plaintiff's constitutional rights when he submitted a facially invalid warrant affidavit that

---

[2] *See* doc. 6302, exhibit A, ¶1 – 11.
[3] La R.S. 44:1, *et. seq.*
[4] Doc. 64, page 1.
[5] Doc. 64, page 2.
[6] FRE 403.

2

ultimately caused the unconstitutional seizure of plaintiff's DNA. We also held that defendant was not protected by qualified immunity for this violation. Thus, the only issue left for jury trial is the amount of damages, if any, due plaintiff for the Detective's constitutional violation.

Plaintiff's counsel has been already provided the lead sheets related to Mr. Kohler. The relevance of the remaining documents is questionable. Although plaintiff argues the documents are relevant to his claim for punitive damages because the documentation could go toward defendant's malice or reckless disregard of plaintiff's constitutional rights, this Court finds the tenuous relevance of such documents to be substantially outweighed by the danger of unfair prejudice as well as jury confusion.

Because this Court finds the documents sought by Mr. Kohler in this case to be inadmissible under Federal Rules of Evidence 401 and 403, we do not reach the applicability of Louisiana's Public Records Act.

## CONCLUSION

For the reasons set out above, this Court GRANTS defendant's Motion to Quash Trial Subpoena (doc. 63). Additionally, it is ORDERED that a protective order be issued preventing any further discovery and/or production of documents from the City of Baton Rouge.

Signed in Baton Rouge, Louisiana, on June 8, 2009.

  **JUDGE JAMES J. BRADY**
  **UNITED STATES DISTRICT COURT**
  **MIDDLE DISTRICT OF LOUISIANA**