UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHANNON KOHLER

VERSUS

PAT ENGLADE, ET. AL

CIVIL ACTION

NO. 03-857-JJB

## RULING ON MOTION FOR NEW TRIAL

Plaintiff, Shannon Kohler ("Kohler") brings this motion under Federal Rule of Civil Procedure 59 for a new trial (doc. 76). Kohler asserts that this Court erred in quashing his subpoena for documents and records and granting a pre-trial protective order. Kohler also asserts that the granting of defendant's oral motion for Judgment as a Matter of Law to Dismiss Plaintiff's Claims for Punitive Damages was in error. Plaintiff seeks reversal of the ruling on the motion to quash, cancellation of the protective order, and a new trial on the issue of punitive damages. Oral argument with respect to this motion is not necessary.

## Background

Jury trial was held in this matter on June 9, 2009. Prior to trial, this Court had dismissed the majority of plaintiff's claims. Plaintiff had brought both a *Malley* and *Franks* claim against Detective Johnson.[1] However, only plaintiff's *Malley* claim against

---

[1] Plaintiff brought two distinct claims against Detective Johnson.
The first claim, referred to by the Fifth Circuit as plaintiff's *Malley* claim, revolved around the facial validity of the warrant affidavit submitted by Detective Johnson to Judge Anderson. In *Malley v. Briggs*, 475 U.S. 335 (1986), the Supreme Court held that a defendant who submits a facially invalid warrant affidavit (one that fails to set forth probable cause) and a warrant is nonetheless issued, is required to exercise "reasonable professional judgment." *Id*. at 346. The Fifth Circuit found the warrant affidavit in this case on its face lacked sufficient information to establish probable cause.

Plaintiff's second claim, referred to as his *Franks* claim, involved plaintiff's allegations that Detective Johnson withheld material exculpatory information from the warrant affidavit. The Mandate affirms this Court's dismissal of plaintiff's *Franks* claim against Detective Johnson. As the Fifth Circuit explained:

1

Detective Johnson survived. This sole remaining claim was based on the Detective's submission of a facially invalid warrant affidavit – one which failed to set forth probable cause – to Judge Anderson. Despite the facial invalidity of the warrant affidavit, a warrant was issued and plaintiff's DNA was unconstitutionally seized. This Court found that Detective Johnson was not entitled to qualified immunity on plaintiff's *Malley* claim.[2] We reasoned that the Detective's after-the-fact explanations as to the relevance of information included in the affidavit were immaterial because those explanations were not presented to Judge Anderson. Further, we found that the affidavit failed to include relevant information regarding plaintiff's shoe size and past burglary conviction.[3] Thus, the only issue remaining for jury trial was the amount of damages, if any, Kohler suffered as a result of the unconstitutional seizure of his DNA.

Also prior to trial, this Court granted defendant's motion to quash plaintiff's trial subpoena and for a protective order. Kohler had been provided with "lead sheets" regarding the investigation; however, he also sought detective reports and related

---

Pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d (1978), a Fourth Amendment violation may be established where an officer intentionally, or with reckless disregard for the truth, includes a false statement in a warrant application. Likewise, the intentional or reckless omission of material facts from a warrant application may amount to a Fourth Amendment violation. *See Hale v. Fish*, 899 F.2d 390, 400 n.3 (5th Cir. 1990).
Mandate, doc. 34, page 12.
The Fifth Circuit reasoned that to determine a constitutional violation under *Franks*, the omitted information would normally be inserted into the warrant affidavit to determine the materiality of that information. However, in this case "where the warrant affidavit is already lacking in probable cause, any reconstructed affidavit that includes the omitted exculpatory information would necessarily lack probable cause as well, regardless of the materiality of the omitted information." Doc. 34, page 13. The Fifth Circuit stated that "*Franks* itself was confined to providing a mechanism for challenging a search warrant that was not supported by probable cause but that, due to the inclusion of deliberately falsified allegations in the warrant affidavit, appeared to be supported by probable cause," concluded that the principles of *Franks* were inapplicable to facially invalid warrants, and affirmed this Court's dismissal of plaintiff's *Franks* claim. Doc. 34, pages 13-14.

[2] A defendant will not be qualifiedly immune from suit for the submission of a facially invalid warrant affidavit "if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue…" *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

[3] *See* Ruling on Motions for Summary Judgment, Doc. 62.

information concerning persons at the scenes of the murders of Ms. Green, Ms. Pace, and Ms. Kinnamore. Plaintiff also sought documents from St. Martin and Zachary Police and all Task Force memoranda relating to the St. Martin and Zachary documents. Mr. Kohler requested notes and memoranda relating to information about a white truck tied to the Kinnamore abduction, including documentation of hypnotized interrogations. He sought memoranda and logs concerning Task Force contacts with Mr. Kohler as well as other tips received from the two individuals who identified plaintiff as a person who needed to be checked. Additionally, he sought documentation regarding the cost of Mr. Kohler's DNA test, reports identifying Derrick Todd Lee, and notes indicating a decision "to exclude black suspects from the search." This Court found the relevance of the sought information to plaintiff's damages arising from the *Malley* violation "tenuous" and "substantially outweighed by the danger of unfair prejudice as well as jury confusion."[4]

During trial, this Court found plaintiff had presented no evidence that Detective Johnson acted with malice or reckless disregard for plaintiff's constitutionally protected rights. Thus, we dismissed plaintiff's claim for punitive damages after plaintiff's presentation of evidence.

## Analysis

As the Fifth Circuit has explained:

> Rule 59 of the Federal Rules of Civil Procedure confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the new trial and the reliability of the jury's verdict. The rule does not specify what grounds are necessary to support such a decision but states only that the action may be taken "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." A new trial may be granted, for example, if the district court finds the verdict is against

---
[4] Doc. 68, page 3.

the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course.[5]

Further, a motion for new trial "must clearly establish either manifest error of law or fact or must present newly discovered evidence."[6]

Plaintiff correctly points out that punitive damages "are awarded against a defendant to punish him and deter him and others from repeating the same conduct."[7] Plaintiff argues that the jury could have inferred "both intent and evil motive from the fact Johnson withheld proof of innocence from Judge Anderson."[8] Kohler further asserts that the documents he unsuccessfully sought to subpoena "were intended to show the jury that Johnson was not justified in pursuing an innocent white man, Kohler, when task force files had evidence Derrick Todd Lee was the black serial murderer-rapist, and to emphasize his thus far inexplicable reckless disregard for Shannon Kohler's rights."[9]

Here, plaintiff continues to argue that Detective Johnson withheld evidence from Judge Anderson with reckless disregard to plaintiff's constitutionally protected rights and that such reckless disregard justifies punitive damages. However, he presents no new argument or evidence to support that assertion. In this Court's estimation, plaintiff's motion for new trial fails to clearly establish manifest error of law or fact.

---

[5] Smith v. Transworld Drilling Co., 773 F.2d 610, 612-13 (5th Cir. 1985).
[6] Turner v. Baylor Richardson Medical Ctr., 476 F.3d 337, 344 (5th Cir. 2007). See also Cates v. Creamer, 431 F.3d 456, 460 (5th Cir. 2005) ("A district court can grant a motion for new trial if the first trial was unfair or if the jury verdict was against the weight of the evidence.").
[7] Doc. 76-2, page 4.
[8] Id. at 5.
[9] Id. at 6.

**Conclusion**

For the reasons discussed above, plaintiff's Rule 59 Motion for New Trial (doc. 76) is DENIED.

Signed in Baton Rouge, Louisiana, on July 17, 2009.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**